IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRIT OF ALABAMA

| | |
|---|---|
| ANDREW CORY GASKIN<br>Plaintiff<br>VS.<br><br>CITY OF WETUMPKA<br>Police Chief Gregory Benton,<br>Personally, and in his official capacity<br>as Chief of Police for the City of<br>Wetumpka, Alabama; and Officer<br>David Fletcher personally and in<br>his official capacity as a police officer<br>for the City of Wetumpka, Alabama<br>and Officer Foster personally and in his<br>official capacity as a police officer for<br>the City of Wetumpka, Alabama<br>Defendants. | 2:20-cv-00463<br><br>**TRIAL BY JURY DEMAND** |

## COMPLAINT

### JURISDICTION AND VENUE

1. This Court has jurisdiction over plaintiff's federal claims (First through Eighth Cause of Action) pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and supplemental jurisdiction over plaintiff's state law claims (Ninth through Fifteenth Cause of Action) pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Middle District of Alabama under 28 U.S.C. § 1391(e). Defendants, as well as Gaskin, reside in this judicial district. All of the acts and omissions by Defendants giving rise to this action occurred in this judicial district.

### PARTIES

3. Plaintiff ANDREW CORY GASKIN is a resident of Elmore County.

1

4.     Defendant CITY OF WETUMPKA is a municipal corporation duly organized and existing under the laws of the state of Alabama.

5.     Defendant Chief of Police Gregory Benton is the duly appointed Chief of Police for the City of Wetumpka, Alabama. As Chief of Police, Benton is the final decision maker for the City of Wetumpka with regard to police actions, including arrests and seeking search warrants. Benton is sued in both his official and personal capacities.

6.     Defendants D. Fletcher and Foster are a City of Wetumpka police officer.

D. Fletcher and Foster are sued in both his official and personal capacities.

**FACTS**

7.     Andrew Cory Gaskin is a resident of Elmore County, Alabama.

8.     On or about July 5 2018, in the City of Wetumpka, Gaskin's mother was involved in a motor vehicle accident at or near the intersection of US Highway 231 and Alabama highway 14, within the city limits of the City of Wetumpka, Alabama. Gaskin was at the scene to check on his mother and to assist her all he could from the accident. While taking picture of the accident, the Officers began to cuss Gaskins and telling him he needed to " Get your dam ass out of there",

9.     Officers instructed Gaskins to his vehicle and he complied with the

2

request And returned to his vehicle.

10. Gaskin said they had no right to talk to him like that just because they had a badge and uniform. The Officers then pulled Gaskins out of the vehicle and threw him to the ground.

11. Fletcher then told Gaskins he was going to jail and his children would be placed with DHR.

12. Officer Fletcher then proceeded to pick Gaskins off the ground using his handcuffed wrist to lift Gaskins to his feet.

13. This excessive use of force caused Gaskins to have his rotator cup ripped and

    torn by so much force that it ripped muscle from the shoulder.

14. Gaskin's knees were severally cut by the forced used to throw him to the ground. During this entire time, Gaskins mother was being treated and transported to the ER by

    emergency medical Providers as well his children watching this horrendous treatment

    of their father by the Officers.

## FIRST CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 - FIRST AMENDMENT RETALIATION (First and Fourteenth Amendments)

15. Paragraphs 1-24 are re-alleged and incorporated herein as if fully set

forth.

16.     Defendants' illegal seizure, prior restraint on the production of speech, malicious prosecution, false arrest, use of excessive force, and assault constitute retaliation against Gaskin's effort to engage in speech that is protected by the First Amendment, as applied to defendants via the Fourteenth Amendment.

17.     Filming the police in public is a clearly established First Amendment right.

18.     Police officers do not possess a reasonable expectation of privacy when on-duty in public. Golden was filming on a public sidewalk, an area that has been historically open to the public for speech activities. The conduct of police officers and government officials is a matter of public concern, which is at the core of the First Amendment.

19.     A reasonable police officer is on notice that retaliating against a citizen journalist is a violation of the First Amendment. Over fifteen years ago, the Eleventh Circuit recognized the right to film police in public in *Smith v. City of Cumming*, 212 F.3d 1332 (11th Cir. 2000).

20.     The WPD police officers' and police chiefs' constitutional violations were the result of a municipal policy, custom, or practice.

21.     Officer Fletcher decision to have Gaskin arrested constitutes official municipal action. This action was ratified by the Chief, who is the final decision maker with regard to police action

generally and arrests specifically.

22. These constitutional violations may be remedied via § 1983.

23. Paragraphs 1-24 are re-alleged and incorporated herein as if fully set forth.

## SECOND CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 - PRIOR RESTRAINT ON THE FREEDOM OF SPEECH
### (First and Fourteenth Amendments)

24. Paragraphs 1-24 are re-alleged and incorporated herein as if fully set Forth.

25. On or about July 5 2018, in the City of Wetumpka, Gaskin's mother was involved in a motor vehicle accident at or near the intersection of US Highway 231 and Alabama highway 14, within the city limits of the City of Wetumpka, Alabama. Gaskin was at the scene to check on his mother and to assist her all he could from the accident. While taking picture of the accident, the Officers began to cuss Gaskins and telling him he needed to " Get your dam ass out of there",

26. This violation may be remedied via § 1983 .

## THIRD CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 - FALSE ARREST OUTSIDE OF POLICE DEPARTMENT
### (Fourth and Fourteenth Amendments)

27. Paragraphs 1-27 are re-alleged and incorporated herein as if fully set

5

forth.

28. In committing the acts complained of herein, defendants acted under color of state law by falsely detaining Golden on the sidewalk outside of the **WPD** with no basis in fact or law to do so. In violating Gaskin's right to be free from false arrest, defendants violated Gaskin's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

29. This violation may be remedied via § 1983.

### FOURTH CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 - USE OF EXCESSIVE FORCE IN JERKING GASKIN UP BY HIS WRIST WHILE HANDCUFF BEHIND HIS BACK
### (Fourth and Fourteenth Amendments)

30. Paragraphs 1-30 are re-alleged and incorporated herein as if fully set forth.

31. Defendants' policies, procedures, practices, or customs within the WPD allow, among other things, the use of excessive force when other more reasonable and less drastic measures are available.

32. Officer Fletcher then proceeded to pick Gaskins off the ground using his handcuffed wrist to lift Gaskins to his feet. This excessive use of force caused Gaskins to have his rotator cup ripped and torn by so much force that it ripped muscle from the shoulder. Gaskin's knees were severally cut by the forced used to throw him to the ground. During this

entire time, Gaskins mother was being treated and transported to the ER by emergency medical Providers as well his children watching this horrendous treatment of their father by the Officers.

33. This excessive use of force violated Gaskin's rights under the Fourth and Fourteenth Amendments.

34. This violation may be remedied via § 1983.

## FIFTH CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 - USE OF EXCESSIVE FORCE WHILE ARESTING (Fourth and Fourteenth Amendments)

35. Paragraphs 1-35 are re-alleged and incorporated herein as if fully set forth.

36. Defendants' policies, procedures, practices, or customs within the WPD allow, among other things, the use of excessive force when other more reasonable and less drastic measures are available.

37. This violation may be remedied via § 1983.

## SIXTH CAUSE OF ACTION - NEGLIGENCE

38. Paragraphs 1-38 are re-alleged and incorporated herein as if fully set forth.

39. At all material times relevant hereto, Officer Fletcher and the City of Wetumpka, owed Gaskin a duty to conduct himself/itself in such a manner as to avoid injuring and/or damaging Gaskin.

40. Defendants negligently breached that duty by their actions, as described

7

above.

41. As a proximate consequence of Defendants' individual and/or combined negligence, Golden suffered injuries, and damages.

42. These actions constituted a tort, which municipalities are not immune to in Alabama.

## SEVENTH CAUSE OF ACTION - ASSAULT

43. Paragraphs 1-43 are re-alleged and incorporated herein as if fully set forth.

44. Officer Fletcher intentionally committed an assault on Gaskin by picking Gaskins off the ground using his handcuffed wrist to lift Gaskins to his feet. This excessive use of force caused Gaskins to have his rotator cup ripped and torn by so much force that it ripped muscle from the shoulder. Gaskin's knees were severally cut by the forced used to throw him to the ground. During this entire time, Gaskins mother was being treated and transported to the ER by emergency medical Providers as well his children watching this horrendous treatment of their father by the Officers.

45. As a direct and proximate consequence of the Defendant's assault Golden has suffered bodily injury, suffered physical pain in the past, and has suffered, suffers, and will suffer mental distress and anguish, and he has been caused to be deprived enjoyment of life and will be so deprived in the future.

8

46. These actions by Officer Fletcher constituted the tort of assault.

## EIGHTH CAUSE OF ACTION - TORT OF OUTRAGE BY OFFICER FLETCHER

47. Paragraphs 1-47 are re-alleged and incorporated herein as if fully set forth.

48. The actions of Officer Fletcher were so outrageous as to shock the conscience.

49. Officer Shannon's conduct was intentional or reckless; extreme and outrageous; and caused emotional distress to Golden so sever e that no reasonable person could be expected to endure it.

50. These actions by Officer Shannon constituted the tort of outrage against Golden.

### REQUEST FOR RELIEF

**WHEREFORE**, Gaskin sues for and demands relief as set forth below:

A. General damages in an amount to be determined at trial;

B. For special damages in an amount to be determined at trial;

C. For punitive damages against Officer Fletcher and Chief Benton, individually, in an amount to be determined at trial;

D. Award of costs of suit, including attorneys' fees under 42 U.S.C. § 1983;

E. Declaratory judgment that defendants' actions violated Gaskin's rights under the First, Fourth, and Fourteenth Amendments to

the U.S. Constitution and state law; and,

    F.    All further relief to which Gaskin may be justly entitled.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

*John D. Norris*
JOHN D. NORRIS
ATTORNEY FOR PLAINTIFF
POST OFFICE BOX 241
MILLBROOK, ALABAMA 36054
(334) 285-0682

*Lee R. Booth*
LEE R. BOOTH
ATTORNEY FOR PLAINTIFF
POST OFFICE BOX 241
MILLBROOK, ALABAMA 36054
(334) 285-0682